Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INTERGLOBO CUSTOMS
BROKER, INC.,

                Plaintiff,

-against-

ATLAS STONE DISTRIBUTION, INC.,

                Defendant.

18-CV-3597

**COMPLAINT**

---

Plaintiff, Interglobo Customs Broker, Inc. ("Plaintiff"), by and through its attorneys, Moses & Singer LLP, as and for its Complaint against Defendant, Atlas Stone Distribution, Inc. ("Defendant"), alleges upon information and belief as follows:

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit.

2. Jurisdiction over this matter is also proper pursuant to 28 U.S.C. § 1332(2) because this is an action between a citizen of the State of New York, Plaintiff, and a citizen of

the States of Illinois and Texas, Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue properly lies in this District because Defendant transacts business within this District, and also because the promissory note subject to this action provides for litigation in this District.

## PARTIES

4. At all material times to this action, Plaintiff, a corporation organized and existing under the laws of the State of New York with an address and place of business at 4 Expressway Plaza, Roslyn Heights, New York 11577, was and still is doing business as freight forwarder of cargo for hire.

5. Upon information and belief, at all material times to this action, Defendant, a corporation organized and existing under the laws of the State of Illinois with an address and place of business 1540 Champion Drive, Suite 200, Carrolton, Texas 75006, was and still is doing business as importer and/or distributor and/or seller of goods in the United States.

## FACTS

6. Pursuant to Defendant's booking orders, Plaintiff arranged for transportation or forwarding of cargo for hire on board ocean vessels from various locations located overseas to the United States (the "Services"). As part of its Services, Plaintiff procured and/or negotiated ocean bills of lading, prepared and/or processed security manifest declarations, and prepared and/or processed other documentation necessary for the international transportation cargo from foreign locations to the United States. Defendant received and accepted Plaintiff's Services without complaint.

7. Plaintiff invoiced Defendant for its Services. Plaintiff sent Defendant periodic statements of account and reminders to which Defendant did not object.

8. Defendant even executed a promissory note on December 5, 2017 (the "Note") promising to pay in full its debt in installments (each an "Installment") on or before the due dates set forth on the Note.

9. The Note provides that failure to pay any Installment before its due date will entitle Plaintiff to send Defendant a notice of default with a five (5) days cure period by which Defendant is to make payment of the unpaid Installment.

10. Defendant made partial initial payments and then failed to make payment as promised as per the Note. Plaintiff solicited payment of the unpaid Installments on numerous occasions, to no avail. Ultimately, Plaintiff, through its counsel, sent Defendant a notice of default with a five (5) days cure period. Defendant failed to cure within five (5) days.

11. The Note provides that upon Defendant's failure to pay an Installment beyond the cure period, the entire amount on the Note (minus any partial payments made) "shall become immediately due and payable."

12. During the course of its business relation with Plaintiff, Defendant sent Plaintiff checks which were returned unpaid.

13. Defendant has failed to make payments under the Note and has failed to pay for Plaintiff's Services. Defendant owes Plaintiff $224,720.69, exclusive of interests.

14. Plaintiff brings this action on its own behalf and as agent, assignee and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF THE NOTE

15. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

16. Under the Note, Defendant promised to pay periodic Installments on or before the due dates set forth on the Note.

17. The Note provides that failure to pay any Installment before its due date will entitle Plaintiff to send Defendant a notice of default with a five (5) days cure period by which Defendant is to make payment of the unpaid Installment.

18. Defendant failed to make payment as promised as per the Note. Plaintiff, through its counsel, sent Defendant a notice of default with a five (5) days cure period. Defendant failed to cure within five (5) days.

19. The Note provides that upon Defendant's failure to pay an Installment beyond the cure period, the entire amount on the Note (minus any partial payments made) "shall become immediately due and payable" and Plaintiff will also be entitled to receive interests on the amounts due.

20. Defendant has failed to make payment under the Note and has failed to pay for Plaintiff's Services. Defendant owes Plaintiff $224,720.69, exclusive of interests. By reason of the foregoing, Plaintiff is entitled to judgment in the amount of $224,720.69 plus interests.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ACCOUNT STATED

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20 of this Complaint as if herein set forth at length.

22. Defendant has not objected to and has accepted Plaintiff's invoices. Defendant promised to pay. Defendant even sent Plaintiff checks which were returned unpaid.

23. Defendant failed to pay. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages and is entitled to judgment in the amount of $224,720.69 plus interests.

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 23 of this Complaint as if herein set forth at length.

25. Pursuant to Defendant's booking orders, Plaintiff performed the Services. Plaintiff invoiced Defendant for the Services. Defendant failed to pay.

26. By failing to pay Plaintiff's invoices, Defendant breached the freight forwarding contracts with Plaintiff.

27. By reason of the foregoing, Plaintiff is entitled to judgment in the amount of $224,720.69 plus interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Interglobo Customs Broker, Inc., respectfully demands judgment in its favor and against Defendant, Atlas Stone Distribution, Inc., awarding Plaintiff damages in the amount of $224,720.69 plus interests, costs and attorney's fees, and such other and further relief that this Court may deem just, proper and equitable.

Dated: June 20, 2018
      New York, New York

                             MOSES & SINGER LLP
                             *Attorneys for Plaintiff*

By: _____
      Francesco Di Pietro
      John V. Baranello
      405 Lexington Avenue
      New York, NY 10174-1299
      (212) 554-7800